# MUTUAL GENERAL RELEASE AND SETTLEMENT AGREEMENT

This Settlement Agreement ("Agreement") effective as of the **14th** day of **May**, 2024, is made and entered into by and among Guido's Express, Inc. DBA Key Food Pizza, ("Guido's") and its owners and/or operators, Umair Ahmed Cheema ("Umair"), Zuhra Ikram ("Zuhra"), (Collectively, "Guido's" or "Plaintiff") on the one hand, and Western World Insurance Company and AIG Claims, Inc. (Collectively, "Western World" or "Defendants") on the other hand and, together, the "Parties," in settlement of the Civil Action captioned as *Guido's Express A/K/A Key Pizza v. Western World Insurance Company and AIG Claims, Inc.*, United States District Court for the Eastern District of Pennsylvania, *2:23-cv-3885* (the "Civil Action" or "Lawsuit").

**Whereas Guido's and Western World** are Parties to Civil Action in the United States District Court for the Eastern District of Pennsylvania, 2:23-cv-3885.

**Whereas** Western World issued a Commercial Property Insurance Policy NPP8596764 ("Policy") to Guido's, subject to the terms, conditions, limitations, and exclusions thereof, insuring Guido's for Business Personal Property Coverage during the time period at issue.

**Whereas** Guido's, a takeaway pizza business, leased the property located at 2329 E. York Street, Philadelphia PA 19125 ("Leased Property"). The Leased Property collapsed on September 14, 2022.

**Whereas** Guido's submitted a claim to Western World for reimbursement of Business Personal Property that was allegedly damaged as a result of the collapse of the Leased Property on September 14, 2022 ("Claimed Loss").

**Whereas** the Parties disagreed as to the proper sum due and owing under the Policy for the Claimed Loss, and Guido's filed the Civil Action against Western World for breach of contract.

**Whereas** Guido's and Western World each denied the allegations filed against them.

**Whereas**, the Parties now desire to amicably resolve and make a full, complete and final mutual release and resolution of all claims, issues, and disputes known and unknown which were asserted, may have been asserted, and/or could have been asserted in the Civil Action, and all claims, issues, and disputes which do, may, or can arise out of the Civil Action or the Claimed Loss, and all claims, issues, and disputes which do, may, or can exist between them as of the effective date of this Agreement;

**NOW THEREFORE**, for good and valuable consideration, the sufficiency of which is hereby acknowledged, the Parties agree as follows:

1. Incorporation of Recitals. The Recitals set forth above are incorporated into this Agreement, and the Parties agree that they are true and correct.

2. Consideration. The settlement of the Civil Action shall involve no payment of funds by either party to the other. The settlement is the mutual release of all claims any party has against the other party including claims for legal fees and costs incurred by either or against the officers, employees, or attorneys of the other party related to the subjects of the Lawsuit or related to the bringing and prosecution of the Civil Action, or for any other matter from the beginning of time until the date of this release.

3. Confidentiality and Non-Disclosure. The Parties agree that the terms of the Agreement shall be and remain confidential and shall not be disclosed except as may be required by law or to:

   a. Any court or judicial body, provided that the disclosure is either (a) compelled by the court, or (b) for the purposes of enforcing this Agreement, and in that limited circumstance, the same shall be admissible as evidence;

   b. Any insurers, reinsurers, agents, auditors, attorneys, and employees thereof;

   c. Any tax advisors, accountants, and taxing authorities, but only to determine tax liability related to this Agreement;

   d. The Parties' respective attorneys; and

   e. Any other individuals or entities only to the extent required by law.

4. Non-Disparagement. The Parties agree to refrain from directly or indirectly making any disparaging remarks about the other parties, their attorneys, their owners, partners, or employees, to any Civil or Criminal Governmental Authorities. "Disparaging remarks" shall mean stating or publishing a matter that is untrue or claimed to be untrue in any Party's pleadings or discovery responses, and/or stating or publishing a statement or opinion that would tend to be viewed objectively as harmful to any Party's representation or standing in the community and legal community. This non-disparagement provision shall not in any way prevent the Parties from disclosing any information to their attorneys in response to a lawful subpoena or court order requiring disclosure of information, or in connection with any litigation involving any Party.

5. Authority. The Parties and/or the signatories below each represent that they obtained the requisite authority required of them to enter into this Agreement and that they have taken the action required of them to make this Agreement a binding and enforceable obligation.

6. Mutual General Release. In consideration of the mutual general release set forth herein and the other terms of this Agreement, each of the Parties does hereby forever, fully,

finally and completely waive, remise, release and discharge each of the other Parties to this Agreement, and each of their directors, principals, members, partners, affiliated entities, parents, subsidiaries, subcontractors, property owners, managers, licensed operators, employees, agents, licensees, and representatives, of and from any and all manner of actions, causes of action, suits, contracts, agreements, damages, judgments, executions, claims and demands whatsoever of every and any kind, including, but not limited to, those arising out of or related to the Civil Action or the Claimed Loss, whether in law or in equity, known or unknown, actual or prospective, arising or accruing from the beginning of the world to the Effective Date hereof.

7. It is further understood and agreed that the execution of this Agreement by the Parties shall be an express acknowledgement that their intent is to release any and all claims relating to the Civil Action or the Claimed Loss, and that no further claims may be made, no further litigation may be brought and no further damages or recovery may be had for or as a result of the Civil Action or the Claimed Loss, whether such damages or claims are known or unknown at the time this Agreement was executed.

8. Tax Consequences. Each Party is responsible for accurately reporting the tax consequences of the making and/or performance of this Agreement. The Parties further acknowledge and agree (i) that no representations have been made by any other Party regarding the appropriate tax treatment of any financial benefits or detriments resulting from the making and/or performance of this Agreement, and (ii) that no Party shall have any claim against any other Party based on or arising from the accurate or inaccurate reporting of the tax consequences of the making or performance of this Agreement.

9. Controlling Law. This Agreement shall be governed by and interpreted in accordance with the laws of the Commonwealth of Pennsylvania.

10. If any provision of this Settlement Agreement is subsequently held to be invalid or unenforceable by a court of law, all other provisions shall continue in full force and effect to the extent that they may be implemented without reference to the offending section(s).

11. Entire Agreement. This Agreement constitutes the entire agreement among the parties regarding its subject matter and supersedes all prior undertakings of the parties in connection therewith. No party has made a representation or statement of fact or opinion to induce the execution of this Agreement, other than as expressly set forth herein.

12. PDF and Electronic Signatures. This Agreement may be executed by "pdf" electronic copy, Doc-U-Sign, or by facsimile copy and in any number of counterparts, each of which, when so executed and upon delivery shall be deemed an original, and such counterparts shall together constitute the same instrument.

13. **Legal Representation.** This Release has been negotiated between unrelated Parties and their attorneys who have acted in their own self-interest and who have not relied upon the advice of any other Party to this Release. In addition, each party has been represented by experienced legal counsel. Each party agrees and certifies that they have carefully read this Release in consultation with their attorneys; that they know and understand the contents herein; and that they are signing the same knowingly, voluntarily, and as their own free act, with the intention to be legally bound by the promises herein contained. Accordingly, any doctrine or rule of law interpreting ambiguities against the drafter of an agreement will not apply to the interpretation of this Release and is hereby expressly waived.

14. **Binding Agreement.** This Release shall be binding upon and inure to the benefit of each party hereto and their respective heirs, executors, administrators, agents, representatives, affiliates, parents, subsidiaries, successors and assigns, and this Release may not be waived, changed, amended, modified, or otherwise altered except in writing executed by both parties.

15. **Payment of Attorney's Fees and Costs.** Each Party understands and agrees that all Parties shall be responsible for the payment of their own attorneys' fees and legal expenses, as well as all other fees and expenses individually incurred arising from and in connection with any matters related to the Civil Action and this Agreement.

16. **Authority To Execute Release.** Each person signing this Release as a Plaintiff or on behalf of a Plaintiff individually warrants that he or she has full legal power to execute this Release on behalf of the Plaintiff for whom he or she is signing, and to bind and obligate such Plaintiff with respect to all provisions contained in this Release.

17. This General Release and Settlement Agreement is made as of ~~March~~ May 14th, 2024, and is effective as of the date on which all the Plaintiffs have signed and executed counterparts of this Release ("Effective Date").

18. **Discontinuance.** Upon the full execution of this Agreement by the Parties, counsel for Plaintiff is required to execute and file of record a Rule 41 (b) Discontinuance of the Civil Action with prejudice ("Discontinuance") issued by the Court. The Parties agree that the Discontinuance shall be filed within one (1) business day after the Effective Date.

PLEASE READ CAREFULLY. THIS GENERAL RELEASE OF ALL CLAIMS INCLUDES A RELEASE OF ALL KNOWN OR UNKNOWN CLAIMS. EACH PARTY HAS READ THIS RELEASE, UNDERSTANDS AND ACCEPTS EACH OF ITS TERMS, AND AGREES TO BE FULLY BOUND BY IT WITHOUT EXCEPTION.

IN WITNESS WHEREOF, the parties have placed their hands and seal the day and year written above.

INDIVIDUALLY AND ON BEHALF OF GUIDO'S EXPRESS, INC. DBA KEY FOOD PIZZA

BY: *Zuhra Ikram*
Zuhra Ikram

Date: 04/19/2024

BY: *Umair Ahmed Cheema*
Umair Ahmed Cheema

Date: 04/19/2024.

ON BEHALF OF WESTERN WORLD INSURANCE COMPANY and AIG CLAIMS, INC.

BY: *Justin Roller*
Justin Roller
Title: Executive General Adjuster
Date: 5/14/2024